**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **FLACK STEEL, LLC** | § | |
| | § | |
| **PLAINTIFF,** | § | **CASE NO. _____** |
| | § | |
| **V.** | § | |
| | § | |
| | § | |
| **SOUTHWEST METAL COMPONENTS** | § | |
| **AND SUPPLY, LP D/B/A SOUTHWEST** | § | |
| **METAL SYSTEMS.** | § | |
| | § | |
| **DEFENDANT.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Flack Steel, LLC files this Original Complaint against Defendant Southwest

Metal Components and Supply, LP d/b/a Southwest Metal Systems for breach of contract, suit on

sworn account, and other related causes of action, seeking to recover actual damages, attorney's

fees, costs of court, and interest.  In support of its claims, Plaintiff submits the following to the

Court:

**I.      PARTIES**

1.      Plaintiff Flack Steel, LLC ("Flack Steel" or "Plaintiff") is a Delaware limited

liability company with its principal place of business in the State of Ohio.  The members of Flack

Steel are all citizens of Arizona and Illinois.

2.      Defendant Southwest Metal Components and Supply, LP d/b/a Southwest Metal

Systems ("Southwest" or "Defendant") is a Texas limited partnership with its principal place of

business at 485 E Loop 564, Mineola, TX 75773.  On information and belief, the general and

limited partners of Southwest are all citizens of the State of Texas.  Southwest may be served

through its registered agent for service of process, owner, and President Adam W. Steck at his

place of business at 485 North East Loop 564, Mineola, TX 75773, at his home at 231 CR 2315, Mineola, TX 75773, or wherever he may be found.

## II.   JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.

4.     This court has personal jurisdiction over Southwest because Southwest is organized under Texas law, has its principal place of business in Texas, and has continuous and systematic contacts with the State of Texas.

5.     Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to Flack Steel's Complaint occurred in the Eastern District of Texas.

## III.   FACTUAL BACKGROUND

6.     Flack Steel distributes steel products in North America.

7.     From January 2018 through July 2018, Flack Steel provided products to Southwest in response to purchase orders from Southwest and sent Southwest invoices for such products accordingly.  (*See* Ex. A attached hereto, Declaration of Brittany Martin**,** and Exhibit A-1 attached thereto).  Southwest accepted delivery of the products.  Pursuant to the invoices Flack Steel issued to Southwest, payment to Flack Steel for products and services that Flack Steel provided to Southwest thereunder were to be due and paid to Flack Steel within 30 days after the invoice date.  Additionally, pursuant to the invoices, interest of 1.5% per annum is owed by Southwest for any late payments.

8.      Flack Steel has kept a systematic record of Southwest's account, including the services ordered, performed, and accepted and the amount just, due, and owing.  The amount currently unpaid by Southwest for the products delivered to Southwest pursuant to these invoices is $884,914.46. Yet Southwest has a significant overdue balance owed on the invoices.  Flack Steel communicated with Southwest on a number of occasions to obtain payment for the products delivered and accepted, but the amount due of $884,914.46 remains unpaid.   A complete itemization of the amount just, due, and owing, including all just and lawful offsets, payments, and credits, is as follows:

| Date | Invoice No. | Invoice Amount | Balance Owed |
|---|---|---|---|
| 1/22/2018 | 8067799 | $      6,904.80 | $      6,904.80 |
| 1/29/2018 | 8067782 | $      7,165.80 | $      7,165.80 |
| 1/29/2018 | 8067783 | $    10,621.51 | $    10,621.51 |
| 1/29/2018 | 8067787 | $    11,866.60 | $    11,866.60 |
| 1/29/2018 | 8067784 | $      6,221.50 | $      6,221.50 |
| 2/2/2018 | 8068051 | $    11,912.15 | $    11,912.15 |
| 2/2/2018 | 8068046 | $      5,406.95 | $      5,406.95 |
| 2/2/2018 | 8068043 | $      9,306.00 | $      9,306.00 |
| 2/2/2018 | 8068045 | $    12,042.36 | $    12,042.36 |
| 2/2/2018 | 8068053 | $      6,368.70 | $      6,368.70 |
| 2/2/2018 | 8068052 | $      4,915.63 | $      4,915.63 |
| 2/2/2018 | 8068189 | $    12,298.73 | $    12,298.73 |
| 2/12/2018 | 8068205 | $      4,795.00 | $      4,795.00 |
| 2/12/2018 | 8068206 | $      5,572.00 | $      5,572.00 |
| 2/12/2018 | 8068207 | $      9,804.55 | $      9,804.55 |
| 2/12/2018 | 8068204 | $    21,947.34 | $    21,947.34 |
| 2/12/2018 | 8068208 | $      5,367.24 | $      5,367.24 |
| 2/12/2018 | 8068209 | $      4,365.05 | $      4,365.05 |
| 2/12/2018 | 8068237 | $      4,380.60 | $      4,380.60 |
| 2/16/2018 | 8068380 | $      5,394.90 | $      5,394.90 |
| 2/16/2018 | 8068445 | $    11,032.00 | $    11,032.00 |
| 2/16/2018 | 8068447 | $      4,800.60 | $      4,800.60 |
| 2/16/2018 | 8068446 | $      4,517.10 | $      4,517.10 |
| 2/16/2018 | 8068441 | $      5,518.30 | $      5,518.30 |
| 2/16/2018 | 8068442 | $    14,552.83 | $    14,552.83 |

| Date | Invoice No. | Invoice Amount | Balance Owed |
|---|---|---|---|
| 2/23/2018 | 8068594 | $ 4,911.45 | $ 4,911.45 |
| 2/23/2018 | 8068596 | $ 7,100.30 | $ 7,100.30 |
| 2/23/2018 | 8068595 | $ 5,139.53 | $ 5,139.53 |
| 2/23/2018 | 8068597 | $ 4,115.19 | $ 4,115.19 |
| 2/28/2018 | 8068777 | $ 12,918.81 | $ 12,918.81 |
| 2/28/2018 | 8068787 | $ 11,272.65 | $ 11,272.65 |
| 2/28/2018 | 8068791 | $ 18,011.40 | $ 18,011.40 |
| 2/28/2018 | 8068780 | $ 4,784.73 | $ 4,784.73 |
| 2/28/2018 | 8068776 | $ 8,592.80 | $ 8,592.80 |
| 2/28/2018 | 8068779 | $ 50,943.75 | $ 50,943.75 |
| 2/28/2018 | 8068793 | $ 12,705.19 | $ 12,705.19 |
| 2/28/2018 | 8068789 | $ 17,424.24 | $ 17,424.24 |
| 3/5/2018 | 8068873 | $ 21,761.70 | $ 21,761.70 |
| 3/7/2018 | 8068967 | $ 22,945.00 | $ 22,945.00 |
| 3/9/2018 |  | $ (77.35) | $ (77.35) |
| 3/12/2018 | 8069075 | $ 32,180.19 | $ 32,180.19 |
| 3/12/2018 | 8069076 | $ 24,148.85 | $ 24,148.85 |
| 3/13/2018 | 8069059 | $ 26,824.31 | $ 16,978.81 |
| 3/19/2018 | 8069341 | $ 32,443.67 | $ 32,443.67 |
| 4/3/2018 | 8070476 | $ 4,812.69 | $ 4,812.69 |
| 4/3/2018 | 8070477 | $ 21,596.37 | $ 16,003.43 |
| 4/5/2018 | 8070150 | $ 4,540.60 | $ 4,540.60 |
| 4/5/2018 | 8070148 | $ 19,910.95 | $ 19,910.95 |
| 4/12/2018 | 8070368 | $ 24,735.75 | $ 18,292.23 |
| 4/12/2018 | 8070370 | $ 5,112.00 | $ 5,112.00 |
| 4/16/2018 | 8901129 | $ (1,186.50) | $ (1,186.50) |
| 4/17/2018 | 8070499 | $ 32,114.82 | $ 32,114.82 |
| 4/18/2018 | 8070521 | $ 31,908.90 | $ 31,908.90 |
| 4/18/2018 | 8070522 | $ 32,565.67 | $ 32,565.67 |
| 4/18/2018 | 8070552 | $ 30,566.24 | $ 30,566.24 |
| 4/25/2018 | 8071070 | $ 32,076.16 | $ 32,076.16 |
| 4/30/2018 | 8071108 | $ 26,206.06 | $ 26,206.06 |
| 5/1/2018 | 8071136 | $ 6,447.65 | $ 6,447.65 |
| 5/23/2018 | 8071784 | $ 22,106.01 | $ 16,629.46 |
| 5/23/2018 | 8071728 | $ 12,377.26 | $ 5,588.80 |
| 6/5/2018 | 8072240 | $ 34,869.85 | $ 22,440.66 |
| 6/11/2018 | 8072402 | $ 25,082.56 | $ 25,082.56 |
| 6/11/2018 | 8072405 | $ 13,116.76 | $ 304.03 |

| Date | Invoice No. | Invoice Amount | Balance Owed |
|---|---|---|---|
| 6/13/2018 | 8072463 | $      10,083.25 | $       5,226.56 |
| 6/13/2018 | 8072466 | $      17,876.51 | $      11,679.60 |
| 7/3/2018 | 8073113 | $      10,358.18 | $       5,201.16 |
| 7/3/2018 | 8073115 | $      11,741.13 | $      11,741.13 |
| 7/3/2018 | 8073114 | $       6,932.98 | $         226.61 |
| 7/19/2018 | 8073560 | $      24,266.68 | $         802.58 |
| 7/19/2018 | 8073579 | $       5,241.26 | $       5,241.26 |
| | **TOTAL** | $      990,684.44 | **$      884,914.46** |

(*See* Ex. A attached hereto).

9.       Flack Steel seeks recovery of the unpaid and owing amounts, along with reasonable and necessary attorney's fees, pre-and post-judgment interest, and costs as allowed by law for having to file this lawsuit.

## IV.      CONDITIONS PRECEDENT

10.      Flack Steel complied with and fulfilled all conditions precedent to pursuing its claims and to its entitlement to the relief sought, including presentment of these claims and the amount due to Southwest.

## V.      CAUSES OF ACTION

### COUNT ONE:
### BREACH OF CONTACT

11.      Flack Steel incorporates by reference the factual allegations in the preceding paragraphs.

12.      The Purchase Orders and Invoices between Flack Steel and Southwest are valid and binding contracts, imposing upon Southwest a duty to pay Flack Steel for the products and services Southwest ordered from Flack Steel.   Southwest's failure to pay the full amount included on Flack Steel's invoices as set forth herein constitutes a breach of contract.  As a result

of Southwest's breach, Flack Steel is currently entitled to collect $884,914.46 from Southwest as damages, plus interest, attorneys' fees and costs.

**COUNT TWO:**
**SWORN ACCOUNT**

13.     Flack Steel incorporates by reference the factual allegations in the preceding paragraphs.

14.     As described above, Southwest ordered, received, and accepted products from Flack Steel.   The products were delivered to Southwest in accordance with the parties' agreement and Southwest accepted delivery of these products.  Southwest promised to pay Flack Steel for these products and services.  The prices charged are reasonable prices for the products requested and received.  Southwest failed to make the required payment pursuant to the parties' agreement.  Flack Steel issued numerous invoices reflecting the true and correct price, and the liquidated amount of $884,914.46 remains due and owing.  Despite notice and demand to Southwest, Southwest failed to pay Flack Steel the amount due and owing.

15.     Flack Steel is entitled to bring an action in this lawsuit on a sworn account pursuant to Rule 185 of the Texas Rules of Civil Procedure.  Flack Steel has an open account and claim for products ordered, delivered, and accepted in a liquidated monetary amount, for which demand was made, and payment has not been received.  The Affidavit of Brittany Martin is attached hereto as Exhibit A to satisfy the requirements of Rule 185 of the Texas Rules of Civil Procedure.  The unpaid amount of $884,914.46 is just, due, and owing.  All just and lawful offsets, payments, and credits have been allowed.  Flack Steel has, therefore, stated a *prima facie* case that these monies are due and owing.  Since Southwest has made no additional payments on the amount due, no additional offsets or credits should be made to the amount due.  Flack Steel is, thus, entitled to recover on this sworn account all amounts due and reasonable and necessary

attorney's fees, costs, and interest it incurs in prosecuting collection of the monies due under this sworn account claim.

**COUNT THREE:**
**QUANTUM MERUIT**

16.     Flack Steel incorporates by reference the factual allegations in the preceding paragraphs.

17.     In the alternative, Flack Steel brings this action to recover in quantum meruit for valuable products ordered by, provided to, and accepted by Southwest.  Southwest knowingly and willingly ordered and accepted these products for its benefit.  The circumstances were such that Southwest was reasonably notified that Flack Steel, in providing such products, was expecting to be paid.  Failure to allow Flack Steel to recover for the reasonable value of the services would result in an unjust enrichment to Southwest.  The reasonable value of the products ordered and accepted for the benefit of Southwest is at least $884,914.46.

**COUNT FOUR:**
**ATTORNEY'S FEES AND INTEREST**

18.     Flack Steel incorporates by reference the factual allegations in the preceding paragraphs above.

19.     Flack Steel is entitled to its attorney's fees for filing and prosecuting this lawsuit against Southwest due to its breach of the parties' agreement pursuant Section 38.001 of the Texas Civil Practice and Remedies Code.

20.     Flack Steel is also entitled to recover legal interest under the Texas Finance Code and its agreements with Southwest.

## VI.    PRAYER

WHEREFORE, after the trial of this action, Plaintiff Flack Steel prays that Plaintiff have

and recover against Southwest , jointly and severally, in a Final Judgment all relief including:

A.      actual damages in an amount to be determined by the Court or jury;

B.      pre-judgment and post-judgment interest as provided by law;

C.      reasonable attorney's fees and expenses;

D.      all costs of court allowed by law; and

E.      all such other and further relief as this Court or the jury deems to be just, proper,
        and equitable.

Dated: October 1, 2018                   Respectfully submitted,

                                **BAKER & HOSTETLER LLP**

                                By: */s/ Kody Kleber*
                                    Kody Kleber
                                    *Attorney-in-charge*
                                    Texas Bar No. 24060098
                                    Federal Bar No. 952918
                                    kkleber@bakerlaw.com
                                    Ethan D. Carlyle
                                    State Bar No. 24031794
                                    Federal Bar No. 30741
                                    ecarlyle@bakerlaw.com
                                    811 Main Street, Suite 1100
                                    Houston, Texas  77002
                                    Telephone: (713) 751-1600
                                    Facsimile:  (713) 751-1717

                                **COUNSEL FOR PLAINTIFF**
                                **FLACK STEEL, LLC**